**In re: George Chukwuemeka OBI, Petitioner.**

No. 06–4906.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Dec. 21, 2006.

Filed Jan. 10, 2007.

George Chukwuemeka Obi, Lords Valley, PA, pro se.

Before: BARRY, AMBRO and FISHER, Circuit Judges.

OPINION

PER CURIAM.

George Chukwuemeka Obi asks that we issue a writ of mandamus directing the District Court to dismiss a criminal indictment against him. We will deny Obi's petition.

On September 26, 2006, a grand jury indicted Obi, charging him with willfully failing and refusing to apply for travel documents so that his deportation to Nigeria could be effectuated. *See* 8 U.S.C. § 1253(a)(1)(B). Pending before us on

that date was Obi's petition for review of the Immigration Judge's final order of removal. Approximately one month later, we denied Obi's petition for review. *Obi v. Atty. Gen'l of U.S.,* 201 Fed.Appx. 905, 907 (3d Cir.2006). Obi contends that the criminal indictment against him was unlawful because of the overlapping pendency in this court of the review of the administrative order. *See* Mandamus Petition, 2–3 (arguing that his case could only be before one court at a time).

Mandamus is an appropriate remedy only in the most extraordinary of situations. *Sporck v. Peil,* 759 F.2d 312, 314 (3d Cir.1985). To justify the remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 89 (3d Cir.1992) (citing *Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). Obi has not demonstrated a "clear and indisputable" right to mandamus relief.

Review of a final order of deportation is a civil proceeding, making it entirely separate from any criminal prosecution of an alien who fails to cooperate with deportation. *See, e.g., INS v. Lopez–Mendoza,* 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). We are aware of no precedent, and Obi points to none, prohibiting the issuance of an indictment while judicial review of separate administrative proceedings is conducted. Certainly, Obi has not demonstrated any "clear and indisputable" right that has been breached in the District Court.

For the reasons given, we will deny the petition for a writ of mandamus.